CT Corporation

**Service of Process Transmittal**
04/18/2016
CT Log Number 529014346

TO:     L&R Home Office Intake Unit
        Allstate Insurance Company
        2775 Sanders Rd # A2W
        Northbrook, IL 60062-6110

RE:     **Process Served in Texas**

FOR:    Allstate Texas Lloyd's  (Domestic State: TX)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHELLY PARES, Pltf. vs. ALLSTATE TEXAS LLOYD'S, INC. and MICHAEL JAMES BATDORFF, Dfts. _Name discrepancy noted._ |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Attachment(s), Definitions and Instructions, First set of Interrgatories, First set of Request |
| **COURT/AGENCY:** | 270th Judicial District Court Harris County, TX Case # 201623037 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/18/2016 at 11:15 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Michael J. Stanley STANLEY FRANK & ROSE, LLP 7026 Old Katy Road Suite 259 Houston, TX 77056 (713) 980-4381 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/19/2016, Expected Purge Date: 04/24/2016 Image SOP Email Notification,  Jessica Tortorello  jessica.tortorello@allstate.com Email Notification,  Aspen Sprague  aspra@allstate.com |
| **SIGNED:** **ADDRESS:** **TELEPHONE:** | C T Corporation System 1999 Bryan St Ste 900 Dallas, TX 75201-3140 214-932-3601 |

Page 1 of  1 / AV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT B**

CAUSE NO.  201623037

RECEIPT NO.                    0.00        CIV
          **********          TR # 73236584

PLAINTIFF: PARIS, SHELLY                    In The   270th
          vs.                              Judicial District Court
DEFENDANT: ALLSTATE TEXAS LLOYDS INC       of Harris County, Texas
                                           270TH DISTRICT COURT
                                           Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE TEXAS LLOYD'S INC BY SERVING THROUGH ITS REGISTERED AGENT
    C T CORPORATION
    1999 BRYAN STREET SUITE 900    DALLAS TX 75201 - 3136
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS

This instrument was filed on the 11th day of April, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 13th day of April, 2016, under my hand and
seal of said Court.

Issued at request of:                      CHRIS DANIEL, District Clerk
STANLEY, MICHAEL J.                        Harris County, Texas
7026  OLD KATY RD, SUITE 259               201 Caroline, Houston, Texas 77002
HOUSTON, TX  77024                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 980-4381
Bar No.: 19046600                          Generated By: PEREZ, ANITA  IOJ//10356357

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                           _____
                                           _____ of _____County, Texas

_____        By _____
         Affiant

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                           _____
                                                     Notary Public

N.INT.CITR.P                    *73236584*

4/11/2016 5:41:44 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10062865
By: Monica Ovalle
Filed: 4/11/2016 5:41:44 PM

# 2016-23037 / Court: 270

## CAUSE NO. _____

| | | |
|---|---|---|
| **SHELLY PARIS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S, INC.,** | § | |
| **AND MICHAEL JAMES BATDORFF,** | § | |
| **Defendants.** | § | **_____JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND INITIAL
## WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Shelly Paris, files this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Allstate Texas Lloyd's, Inc. and Michael James Batdorff and, in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.     Shelly Paris ("Plaintiff") resides in Harris County, Texas.

3.     Defendant Allstate Texas Lloyd's, Inc. ("Allstate"), is, according to the Texas Department of Insurance, a domestic insurance company doing business in Texas that may be served by service through its Registered Agent, C. T. Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.    Defendant, Michael James Batdorff ("Batdorff"), is an individual who assisted with adjusting the claim at issue and is a resident of Illinois. This Defendant may be served with process at 3100 Sanders Road N4A, Northbrook, Illinois 60062.

### III.
### JURISDICTION AND VENUE

5.    This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.    Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $50,000.00 and $100,000.00.

7.    Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas. Tex.Civ.Prac. & Rem. Code §15.002.

### IV.
### FACTS

8.    Plaintiff is a named insured under a property insurance policy (the "Policy") issued by Allstate. The Policy insures, among other things, against losses from wind and hail damage to Plaintiff's property, namely the real property and improvements located at 3410 Candlebridge Drive, Spring, TX 77388 (the "Property").

2

9.      On or about April 16, 2015 during the policy period, a storm caused covered damage to the Subject Property.

10.     Shortly after the storm, Plaintiff noticed damage to her home.  She contacted Allstate by telephone to notify Allstate of the damage.

11.     Plaintiff submitted a claim to Allstate against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

12.     Plaintiff asked Allstate to honor its contractual obligations and cover the cost of repairs to Plaintiff's home.

13.     Allstate assigned Defendant Batdorff to adjust the Claim.  Defendants Allstate and Batdorff conducted substandard investigation of the Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and Batdorff spent an inadequate amount of time on the investigation.

14.     Despite obvious visible wind damage and multiple indentations in the roof caused by hail, Batdorff, on his own behalf and on behalf of Allstate, verbally represented to the Plaintiff at the time of the inspection that there little to no damage to her property.  Batdorff then misrepresented, again on his own behalf and on behalf of Allstate in a letter to Plaintiff dated September 17, 2015 that Plaintiff's home had sustained little to no damage.

15.     Together, Defendants Allstate and Batdorff set out to deny properly covered damaged by performing a result-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

16.     Defendant Allstate failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of Policy.  All conditions precedent to recovery upon the Policy have

3

been performed by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

17.     Even though Plaintiff's home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy did not provide coverage for the damages, thus falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20.     Defendants failed to provide Plaintiff with a reasonable explanation for the denial of her claim. The conduct violated Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.     Defendant Allstate failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim with the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22.     Defendant Allstate failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

4

23.    Defendant Allstate has delayed payment of Plaintiff's claim longer than allowed.  This conduct is a violation of Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

24.    Since the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy has been reasonably clear.   Nevertheless, Allstate has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Allstate's duty of good faith and fair dealing.

25.    All Defendants knowingly or recklessly made false representations, as described above, as to material facts.  Alternatively, all Defendants knowingly concealed all or part of material information form Plaintiff.

26.    To date, Plaintiff has yet to receive proper payment for the damages to which Plaintiff is entitled to under the Policy.  Plaintiff has suffered damages as a result of the Defendants' actions described above.  The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSE OF ACTION

**A.  Breach of Contract (Against Allstate)**

27.    Defendant Allstate had a contract of insurance with Plaintiff.  Plaintiff met or performed all conditions precedent under the contract.  Allstate breached the terms of that contract by wrongfully denying the claim and causing damages to Plaintiff.

28.    Defendant Allstate is therefore liable to Plaintiff for breach of contract.

**B.      Prompt Payment of Claims Statute (Against Allstate)**

29.      The Claim is a claim under an insurance policy with Defendant Allstate, of which Plaintiff gave Allstate proper notice, causing Allstate to be liable for the Claim.

30.      Defendant Allstate violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.01 *et seq.*, by:

>    a.      Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Allstate reasonably believed would be required within the time constraints provided by Tex. Ins. Code §542.055;

>    b.      Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code §542.056; and/or

>    c.      Delaying payment of the Claim following Allstate's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code §542.058.

31.      Defendant Allstate is therefore liable to Plaintiff for damages.  In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.  Unfair Settlement Practices/Bad Faith (Against All Defendants)**

32.      Each of the foregoing paragraphs is incorporated by reference in the following.

33.      As explained further herein, Defendants violated Tex. Ins. Code §541.060(a) by engaging in unfair settlement practices.

**Defendant Allstate**

34.      Defendant Allstate engaged in unfair settlement practices by:

6

a.      Misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

b.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Allstate's liability had become reasonably clear;

c.      Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

d.      Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

e.      Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

35.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Allstate and was a producing cause of Plaintiff's damages.  Allstate is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Batdorff**

36.     Defendant Batdorff was a contractor and/or adjuster assigned by Defendant Allstate to assist with adjusting the Claim.  Defendant Batdorff was charged with investigating the Claim and communicated with Plaintiff about the Policy terms.  Insurance adjusters are "persons engaged in the business of insurance" under Tex.Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code.  See *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 486 (Tex. 1998).

7

37.     Defendant Batdorff was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully qualifying covered damages to Plaintiff's Property.

38.     Defendant Batdorff conducted a substandard, result-oriented inspection of the Subject Property. As such, Batdorff failed to discover covered damages and or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

39.     Further, Defendant Batdorff misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Batdorff failed to provide Plaintiff with a reasonable explanation as to why Allstate was not compensating Plaintiff for the covered losses, or the true value thererof.

40.     Thus Defendant Batdorff engaged in unfair settlement practices by:

        a.      Misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

        b.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Allstate's liability had become reasonable clear;

        c.      Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Allstate's denial of a claim or offer of a compromise settlement of a claim; and/or

        d.      Failing to conduct a reasonable investigation of Plaintiff's Claim.

41.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Batdorff and was a producing cause of Plaintiff's damages. Batdorff is therefore liable to Plaintiff for engaging in such unfair practices and causing Plaintiff's damages.

**D.  DTPA (Against All Defendants)**

42.     Each of the foregoing paragraphs is incorporated by reference here fully.

43.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

44.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

     a.        Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

     b.        Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

     c.        Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed.

     d.        Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing , engaged in an unconscionable action or course of action prohibited by DTPA §17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability experience , and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and value received, all in violation of Chapter 541 of the Insurance Code.

     e.        Generally engaging in unconscionable courses of action while handling the claim; and/or

9

f.      Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

46.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code §541.152(a)-(b).

**E. Breach of Duty of Good Faith and Fair Dealing (Against Allstate)**

47.     Defendant Allstate breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Allstate knew or should have known liability was reasonably clear. Allstate's conduct proximately caused Plaintiff's damages.

48.     Defendant Allstate is therefore liable to Plaintiff.

**F. Attorneys' Fees**

49.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and appeal.

50.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex.Civ.Prac. & Rem. Code §§38.001 – 38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code §17.50(d).

52.    Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to §§541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

53.    All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

54.    Plaintiff demands a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

55.    Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(1).

56.    All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

57.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of Plaintiff's intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION AND PRAYER

For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through

trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and

further relief, general or special, at law or in equity, to which Plaintiff may show herself to be

justly entitled.

Respectfully submitted:

**STANLEY FRANK & ROSE, LLP**

Michael J. Stanley
State Bar No. 19046600
mstanley@stanleylaw.com
7026 Old Katy Road, Suite 259
Houston, Texas 77056
(713) 980-4381 – Telephone
(713) 980-1179 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

**STANLEY FRANK & ROSE, LLP**
7026 Old Katy Road, Suite 259
Houston, Texas  77024
(713) 980-4381 – Telephone
(713) 980-1179 – Facsimile

The documents must be produced at the office Stanley, Frank & Rose as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

**STANLEY FRANK & ROSE, LLP**

Michael J. Stanley
State Bar No. 19046600
mstanley@stanleylaw.com
7026 Old Katy Road, Suite 259
Houston, Texas 77056
(713) 980-4381 – Telephone
(713) 980-1179 – Facsimile

## DEFINITIONS AND INSTRUCTIONS

1.   In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2.   If you are unable to answer particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3.   In the event that you withhold information or documents or object to a request on the grounds of a privilege:

     a.   Identify the title of the document and it's general subject matter.
     b.   State the date of the document;
     c.   Identify the persons who participated in its preparation;
     d.   Identify the persons for whom it was prepared or to whom it was sent;
     e.   State the nature of the privilege claims; and
     f.   State in detail each and every fact upon which you base your claims for privilege.

4.   "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata), information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5.   "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6.  When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, pleas state

      a.  His/her full name
      b.  Present or last known residence address;
      c.  Present or last known business address; and,
      d.  Present residence and/or business telephone number.

7.  If you decide that one question constitutes more than one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions. By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8.  "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO.1:**   State the name, address (both work and home), telephone number, driver's license, social security number, and position or job title of all persons answering these interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 2:**  List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this case of action with information, which was required in order to properly evaluate Plaintiff claim(s).

**RESPONSE:**

**INTERROGATORY NO. 3:**  List the date(s) Defendant(s) received Plaintiff's claim(s) for coverage for property damages, the date(s) Defendant(s) first acknowledge Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

**RESPONSE:**

**INTERROGATORY NO. 4:**  Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim? If so, please state what information was requested and not provided, and the dates of the requests.

**RESPONSE:**

**INTERROGATORY NO. 5:**  State the basis, in fact and in the terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for hail damage to the Subject Property (or the adjuster's recommendation of denial).

**RESPONSE:**

**INTERROGATORY NO. 6.:**  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor. For all such persons who are no longer employees, agents, or representatives of any defendant, pleas so indicate and provide the person's last known address and telephone number.

**RESPONSE:**

**INTERROGATORY NO. 7:**  State the name, address, telephone number and job title or position of all persons and/or entities in Texas that have been approved to perform outside adjusting, accounting or engineering investigation and recommendations on Plaintiff's claim(s)

**RESPONSE:**

**INTERROGATORY NO. 8:**  State the number of years in which any adjuster involved in the claim at issue has adjusted, investigated and/or recommended any compromise settlement and/or payment of policies held by the insurance company involved in this case. Please also provide the date on which such adjuster was licensed as an adjuster in the State of Texas.

**RESPONSE:**

**INTERROGATORY NO. 9:**  For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received concerning knowledge of Texas Insurance Code Chapter541. Formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**RESPONSE:**

**INTERROGATORY NO. 10:**  State the legal theories, and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**RESPONSE:**

**INTERROGATORY NO. 11:** Identify every other insurance claim made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was denied in part or whole. State the name, phone number and address of the insured.

**RESPONSE:**


**INTERROGATORY NO. 12:** For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**RESPONSE:**


**INTERROGATORY NO. 13:** List any and all courses, seminars, education, training or reference materials persons involved in adjusting the claim at issue attended or received specific to handling and investigating building damage.

**RESPONSE:**


**INTERROGATORY NO. 14:** List any and all experience each person involved in adjusting the claim at issue has concerning handling or adjusting property damage claims.

**RESPONSE:**


**INTERROGATORY NO. 15:** State the current annual salary each person involved in adjusting the claim at issue earns from the adjustment of insurance claims. Please state any bonus and/or profit-sharing proceeds received in the last five years and how those bonus and/or profit-sharing proceeds were calculated.

**RESPONSE:**


**INTERROGATORY NO. 16:** Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken,

please state the sate it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**RESPONSE:**

**INTERROGATORY NO. 17:** Identify anyone who recommended payment on Plaintiff's claim(s), and if so, State what amount(s).

**RESPONSE:**

**INTERROGATORY NO. 18:** State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**RESPONSE:**

**INTERROGATORY NO. 19:** State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked whole handling Plaintiff's claim(s), and the name, address and telephone number of each person's direct supervisor during that time.

**RESPONSE:**

**INTERROGATORY NO. 20:** If you received complaints from an insurance agent concerning the handling of any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number.

**RESPONSE:**

**INTERROGATORY NO. 21:** Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

**RESPONSE:**

## FIRST SET OF REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  A certified copy of the insurance policy issued by Defendant to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** The underwriting files referring or relating in any way to the policy at issue in this action including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  The claim files form the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** The electronic diary, including the electronic and paper notes made by Defendants' claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of windstorm claims in Texas from the date of the loss at issue in this claim, and one year prior, and forward one year.  If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the Allstate party that hired you with respect to this claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   Your written procedures or policies (including document(s) maintained in electronic form) in place from the date of loss at issue in this claim, and one year prior, and forward one year, that pertain to the handling of complaints made by windstorm policyholders in Texas.  If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the Allstate party that hired you with respect to this claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  The Operation Guides which relate to the handling of hail claims in Texas in effect from the date of loss at issue in this case, and one year prior, and forward one year.  If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the Allstate party that hired you with respect to this claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property, and produce any reports concerning hail in such radius.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Any roofing repair reports prepared concerning the Insured Location.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**: Defendants' internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas hail claims that were issued from one year prior to the date of loss at issue to one year after the date, including, but not limited to, memoranda issued to claims adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** The price guidelines that pertain to the handling of claims arising out of hail storms. In the event you utilize published guidelines or "off the shelf"

software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**   The Plaintiff's file form the office of their insurance agent.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**   The information regarding weather conditions on which you relied in making decisions on the Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**   The documents, manuals and training materials, including audio and/or video tapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at tissue through one after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**   The "Pay Sheet," "Payment Log," or list of payments made on Plaintiff's claim.  This includes all indemnity, claim expenses and third party payments.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**   The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**   The documents reflecting reserves applied to the subject claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**   For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**   The managerial bonus or incentive place for managers responsible for windstorm claims in effect for the time period of one year prior to the dateof loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**   The bonus or incentive plan for adjusters in effect for the time period for one year prior to date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**   The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**:   If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**  The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30:**   Your approved or preferred vendor list of engineers, third party adjusters adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 31**:  The contract between the Defendant insurer and the Defendant third party adjusting company.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 32**:  The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who worked on the claim that pertains to the Claim at issue.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 33:**  Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim.  This request is limited to persons who live within a five (5) mile radius of Plaintiff's insured residence.

**RESPONSE:**

5/6/2016 5:12:30 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10512296
By: Danielle Gutierrez
Filed: 5/6/2016 5:12:30 PM

CAUSE NO. 2016-23037

| | | |
|---|---|---|
| SHELLY PARIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC. AND | § | |
| MICHAEL JAMES BATDORFF, | § | |
| | § | |
| Defendants. | § | 270TH JUDICIAL DISTRICT |

## DEFENDANTS ALLSTATE TEXAS LLOYD'S AND
## MICHAEL JAMES BATDORFF'S VERIFIED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Allstate Texas Lloyd's (improperly named as Allstate Texas Lloyd's, Inc.) and Michael James Batdorff ("Defendants"), and file this, their Verified Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

## I.
## ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.
## VERIFIED DENIAL

Plaintiff's Original Petition refers to Allstate Texas Lloyd's, Inc. The company which issued the insurance policy-at-issue is Allstate Texas Lloyd's, which is not a corporation but rather a Lloyds entity, which is an unincorporated association of underwriters.

### III.
### DEMAND FOR JURY TRIAL

Defendants herein make demand for a jury trial in this case, and will tender the applicable fees thereon.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Allstate Texas Lloyd's and Michael James Batdorff  pray that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendants, but Defendants go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

_/s/Jay Scott Simon_____
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

Roger D. Higgins
State Bar No. 09601500
rhiggins@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209

**ATTORNEYS FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S AND
MICHAEL JAMES BATDORFF**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on May 6, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Michael Stanley
STANLEY FRANK & ROSE, LLP
7026 Old Katy Road, Suite 259
Houston, Texas 77056

_/s/Jay Scott Simon_
Jay Scott Simon

CAUSE NO. 2016-23037

| | | |
|---|---|---|
| SHELLY PARIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC. AND | § | |
| MICHAEL JAMES BATDORFF, | § | |
| | § | |
| Defendants. | § | 270TH JUDICIAL DISTRICT |

## **VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Jay Scott Simon, as counsel for Allstate Texas Lloyd's and Michael James Batdorff, who, being by me first duly sworn, did on his oath depose and say that he has read Defendants Allstate Texas Lloyd's and Michael James Batdorff's Verified Original Answer and that the statements contained within the Verified Denial are, based upon information and belief, true and correct.

_____
Jay Scott Simon

SUBSCRIBED AND SWORN TO BEFORE ME by Jay Scott Simon on this the 6th day of _May_, 2016, to certify which witness my hand and official seal.

VERONICA PIZZITOLA
Notary ID 1016071-9
My Commission Expires
September 14, 2017

_____
Notary Public, State of Texas

2427646v1
03646.105

5/11/2016 4:55:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10586169
By: SASHA PRINCE
Filed: 5/11/2016 4:55:22 PM

## CAUSE NO. 2016-23037

| | | |
|---|---|---|
| **SHELLY PARIS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S, INC.,** | § | |
| **AND MICHAEL JAMES BATDORFF,** | § | |
| *Defendants.* | § | **270th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION
## AND REQUESTS FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Shelly Paris, files this Original

Petition and Initial Written Discovery Requests, complaining of the acts and omissions of

Defendants, Allstate Texas Lloyd's and Michael James Batdorff and, in support, respectfully

shows the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      This case is intended to be governed by Discovery Level 2.

## II.
## PARTIES & SERVICE

2.      Shelly Paris ("Plaintiff") resides in Harris County, Texas.

3.      Defendant Allstate Texas Lloyd's, ("Allstate"), has appeared and answered herein.

Defendant was previously misnamed "Allstate Texas Lloyd's, Inc." in the Original Petition.

This amended petition is being filed to correct the misnomer.

4.      Defendant, Michael James Batdorff  ("Batdorff"), is an individual who assisted with

adjusting the claim at issue and is a resident of Illinois.  This Defendant has appeared and

answered herein.

### III.
### JURISDICTION AND VENUE

5.　　This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.  No diversity of citizenship exists in this matter.

6.　　Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands.  Rule 47 of the Texas Rule of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought.  Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $50,000.00 and $100,000.00.

7.　　Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas.  Tex.Civ.Prac. & Rem. Code §15.002.

### IV.
### FACTS

8.　　Plaintiff is a named insured under a property insurance policy (the "Policy") issued by Allstate.  The Policy insures, among other things, against losses from wind and hail damage to Plaintiff's property, namely the real property and improvements located at 3410 Candlebridge Drive, Spring, TX 77388 (the "Property").

9.　　On or about April 16, 2015 during the policy period, a storm caused covered damage to the Subject Property.

10.     Shortly after the storm, Plaintiff noticed damage to her home.  She contacted Allstate by telephone to notify Allstate of the damage.

11.     Plaintiff submitted a claim to Allstate against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

12.     Plaintiff asked Allstate to honor its contractual obligations and cover the cost of repairs to Plaintiff's home.

13.     Allstate assigned Defendant Batdorff to adjust the Claim.  Defendants Allstate and Batdorff conducted substandard investigation of the Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and Batdorff spent an inadequate amount of time on the investigation.

14.     Despite obvious visible wind damage and multiple indentations in the roof caused by hail, Batdorff, on his own behalf and on behalf of Allstate, verbally represented to the Plaintiff at the time of the inspection that there little to no damage to her property.  Batdorff then misrepresented, again on his own behalf and on behalf of Allstate in a letter to Plaintiff dated September 17, 2015 that Plaintiff's home had sustained little to no damage.

15.     Together, Defendants Allstate and Batdorff set out to deny properly covered damaged by performing a result-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

16.     Defendant Allstate failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of Policy.  All conditions precedent to recovery upon the Policy have been performed by Plaintiff.  Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

17.     Even though Plaintiff's home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy did not provide coverage for the damages, thus falsely claiming Plaintiff's home had not been damaged.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim.  This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20.     Defendants failed to provide Plaintiff with a reasonable explanation for the denial of her claim.  The conduct violated Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.     Defendant Allstate failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim with the statutorily mandated time of receiving notice of the claim.  This conduct violated the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

22.     Defendant Allstate failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information.  This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

23.     Defendant Allstate has delayed payment of Plaintiff's claim longer than allowed.  This conduct is a violation of Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

24.     Since the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy has been reasonably clear.  Nevertheless, Allstate has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Allstate's duty of good faith and fair dealing.

25.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts.  Alternatively, all Defendants knowingly concealed all or part of material information form Plaintiff.

26.     To date, Plaintiff has yet to receive proper payment for the damages to which Plaintiff is entitled to under the Policy.  Plaintiff has suffered damages as a result of the Defendants' actions described above.  The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

### V.
### CAUSE OF ACTION

**A.  Breach of Contract (Against Allstate)**

27.     Defendant Allstate had a contract of insurance with Plaintiff.  Plaintiff met or performed all conditions precedent under the contract.  Allstate breached the terms of that contract by wrongfully denying the claim and causing damages to Plaintiff.

28.     Defendant Allstate is therefore liable to Plaintiff for breach of contract.

**B.       Prompt Payment of Claims Statute (Against  Allstate)**

29.     The Claim is a claim under an insurance policy with Defendant Allstate, of which Plaintiff gave Allstate proper notice, causing Allstate to be liable for the Claim.

30.     Defendant Allstate violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.01 *et seq.*, by:

>       a.      Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Allstate reasonably believed would be required within the time constraints provided by Tex. Ins. Code §542.055;

>       b.      Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code §542.056; and/or

>       c.      Delaying payment of the Claim following Allstate's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code §542.058.

31.     Defendant Allstate is therefore liable to Plaintiff for damages.  In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.  Unfair Settlement Practices/Bad Faith (Against All Defendants)**

32.     Each of the foregoing paragraphs is incorporated by reference in the following.

33.     As explained further herein, Defendants violated Tex. Ins. Code §541.060(a) by engaging in unfair settlement practices.

**Defendant Allstate**

34.     Defendant Allstate engaged in unfair settlement practices by:

a.      Misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

b.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Allstate's liability had become reasonably clear;

c.      Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

d.      Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

e.      Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

35.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Allstate and was a producing cause of Plaintiff's damages.  Allstate is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Batdorff**

36.     Defendant Batdorff was a contractor and/or adjuster assigned by Defendant Allstate to assist with adjusting the Claim.  Defendant Batdorff was charged with investigating the Claim and communicated with Plaintiff about the Policy terms.  Insurance adjusters are "persons engaged in the business of insurance" under Tex.Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code.  See *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 486 (Tex. 1998).

7

37.     Defendant Batdorff was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully qualifying covered damages to Plaintiff's Property.

38.     Defendant Batdorff conducted a substandard, result-oriented inspection of the Subject Property.  As such, Batdorff failed to discover covered damages and or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

39.     Further, Defendant Batdorff misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses.  Additionally, Batdorff failed to provide Plaintiff with a reasonable explanation as to why Allstate was not compensating Plaintiff for the covered losses, or the true value thereof.

40.     Thus Defendant Batdorff engaged in unfair settlement practices by:

   a.     Misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

   b.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Allstate's liability had become reasonable clear;

   c.     Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Allstate's denial of a claim or offer of a compromise settlement of a claim; and/or

   d.     Failing to conduct a reasonable investigation of Plaintiff's Claim.

41.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Batdorff and was a producing cause of Plaintiff's damages.  Batdorff is therefore liable to Plaintiff for engaging in such unfair practices and causing Plaintiff's damages.

**D.   DTPA (Against All Defendants)**

42.     Each of the foregoing paragraphs is incorporated by reference here fully.

43.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

44.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

     a.     Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

     b.     Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

     c.     Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed.

     d.     Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing , engaged in an unconscionable action or course of action prohibited by DTPA §17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability experience , and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and value received, all in violation of Chapter 541 of the Insurance Code.

     e.     Generally engaging in unconscionable courses of action while handling the claim; and/or

       f.      Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45.    As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages.  Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

46.    Further, Defendants knowingly and/or intentionally committed the acts complained of herein.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code §541.152(a)-(b).

**E.  Breach of Duty of Good Faith and Fair Dealing (Against Allstate)**

47.    Defendant Allstate breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Allstate knew or should have known liability was reasonably clear.  Allstate's conduct proximately caused Plaintiff's damages.

48.    Defendant Allstate is therefore liable to Plaintiff.

**F.  Attorneys' Fees**

49.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and appeal.

50.    Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex.Civ.Prac. & Rem. Code §§38.001 – 38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51.    Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code §17.50(d).

52.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to §§541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

53.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

54.     Plaintiff demands a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

55.     Pursuant to Rule 194, all Defendants are requested to disclose, within thirty (30) days after service of this request, the information or material described in Rule 194.2(a)-(1).

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

56.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of Plaintiff's intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION AND PRAYER

For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and

further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted:

**STANLEY FRANK & ROSE, LLP**

_____
Michael J. Stanley
State Bar No. 19046600
mstanley@stanleylaw.com
7026 Old Katy Road, Suite 259
Houston, Texas 77056
(713) 980-4381 – Telephone
(713) 980-1179 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been duly served on all parties and/or their counsel of record in accordance with the Texas Rules of Civil Procedure on this 10th day of May 2016:

Jay Scott Simon
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston TX 77056
jsimon@thompsoncoe.com

Roger D. Higgins
Thompson, Coe, Cousins & Irons, LLP
700 N Pearl Street, 25th Floor
Dallas TX 75201-2832
rhiggins@thompsoncoe.com

_____
Michael J. Stanley

5/13/2016 6:03:11 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10634607
By: SASHA PRINCE
Filed: 5/13/2016 6:03:11 PM

CAUSE NO. 2016-23037

| | | |
|---|---|---|
| SHELLY PARIS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC. AND | § | |
| MICHAEL JAMES BATDORFF, | § | |
| | § | |
| Defendants. | § | 270TH JUDICIAL DISTRICT |

## DEFENDANTS ALLSTATE TEXAS LLOYD'S AND
## MICHAEL JAMES BATDORFF'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Allstate Texas Lloyd's and Michael James Batdorff ("Defendants"), and file this, their First Amended Answer and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendants herein make demand for a jury trial in this case, and will tender the applicable fees thereon.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Allstate Texas Lloyd's and Michael James Batdorff  pray that upon final trial and hearing hereof, Plaintiff recovers nothing

from Defendants, but Defendants go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

  /s/Jay Scott Simon
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

Roger D. Higgins
State Bar No. 09601500
rhiggins@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209

**ATTORNEYS FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S AND
MICHAEL JAMES BATDORFF**

## CERTIFICATE OF SERVICE

This is to certify that on May 13, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Michael Stanley
STANLEY FRANK & ROSE, LLP
7026 Old Katy Road, Suite 259
Houston, Texas 77056

  /s/Jay Scott Simon
Jay Scott Simon